```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**CANDINA DANIELS,**

       **Plaintiff**

v.                                        Civil Action No. 2:10-0539

**ANTONIO RUSSELL and**
**OXFORD HOUSE, INC.,**
a Maryland Corporation, and
**JOHN DOE, unknown person**
or persons,

       **Defendants**


**CORSIA RAMEY,**

       **Plaintiff**

v.                                        Civil Action No. 2:10-0540

**ANTONIO RUSSELL and**
**OXFORD HOUSE, INC.,**
a Maryland Corporation, and
**JOHN DOE, unknown person**
or persons,

       **Defendants**


**KIMBERLY SKEENS**

       **Plaintiff**

v.                                        Civil Action No. 2:10-0541

**ANTONIO RUSSELL and**
**OXFORD HOUSE, INC.,**
a Maryland Corporation, and
**JOHN DOE, unknown person**
or persons,

       **Defendants**

**BARBARA WINKLER**

    Plaintiff

v.                                                          Civil Action No. 2:10-0542

**ANTONIO RUSSELL and
OXFORD HOUSE, INC.,**
a Maryland Corporation, and
**JOHN DOE,** unknown person
or persons,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending are motions in the above-styled civil actions by Oxford House, Inc. ("Oxford House") to dismiss and to strike plaintiffs' responses to the motions to dismiss, filed respectively on April 21[1] and May 25, 2010, and by plaintiffs for leave to amend their complaints, filed May 24, 2010. The motions and associated briefing are materially identical.

The motions to dismiss are unaccompanied by supporting memoranda of law as required by Local Rule 7.1(a)(2)(11). They assert generally, however, that the complaints are deficient under <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007), and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009), and their

---

[1]The motions to dismiss in the <u>Skeens</u> and <u>Winkler</u> actions were filed April 22, 2010.

progeny.  Oxford House faults plaintiffs for failing to allege when they resided at Oxford House, when the alleged sexual misconduct occurred, and of what it consisted, or the precise nature of the alleged unwelcome sexual solicitations.

In their motions to amend the complaints, plaintiffs appear to attempt to remedy these identified deficiencies.  They seek to allege facts relating to the criminal record of the Oxford House employee who allegedly perpetrated the harm, a more detailed account of the specific sexual misconduct involved, and a general time frame during which it occurred.[2]

The court received the parties' Federal Rule of Civil Procedure 26(f) report on July 22, 2010.[3]  No date has thus yet been set for the filing of amended pleadings.  The better course is to permit the requested pleading amendments at this early

---

[2]Oxford House moves to strike plaintiffs' responses as untimely, noting their May 24, 2010, filing date.  Plaintiffs appear to assert that a malfunctioning computer system and an erroneous electronic mail address contributed to their failure to timely respond.  The court concludes that the circumstances amount to excusable neglect.  The court, accordingly, ORDERS that the motions to strike be, and they hereby are, denied.

[3]The June 22, 2010, order and notice directed the parties to discuss in their Rule 26(f) reports the desirability of coordinated treatment or consolidation of these four civil actions.  The Rule 26(f) reports contain no such discussion.  Counsel are directed to file no later than August 6, 2010, a joint report addressing that matter.

juncture inasmuch as Oxford House has not demonstrated the futility of that course of action.

Based upon the foregoing, the court, accordingly, ORDERS as follows:

1. That the motions to dismiss be, and they hereby are, denied without prejudice;

2. That the motions to amend the complaints be, and they hereby are, granted; and

3. That the proposed amended complaints, submitted June 1, 2010, be, and they hereby are, filed today.

The Clerk is requested to transmit this memorandum opinion and order to all counsel of record and to any unrepresented parties.

DATE: July 28, 2010

John T. Copenhaver, Jr.
United States District Judge

4