```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

BARBARA WINKLER

      Plaintiff

v.                                         Civil Action No. 2:10-0542

OXFORD HOUSE, INC.,
a Maryland Corporation, and
JOHN DOE, unknown person
or persons,

      Defendant


<u>MEMORANDUM OPINION AND ORDER</u>


Pending is the motion to dismiss filed August 3, 2011, by defendant Oxford House, Inc. ("Oxford House").


I.


Plaintiff Barbara Winkler's counsel moved to withdraw on February 21, 2011.  The stated reasons included the fact that counsel had "scheduled numerous appointments for . . . [Ms. Winkler] to . . . discuss her case as well as to respond to discovery . . . . [but that she] . . . failed to keep any of the appointments and has refused to assist counsel in the prosecution of her case."  (Mot. to With. at 1).

The court initially scheduled a hearing on the motion to withdraw for March 8, 2011, but continued the matter to March 24, 2011, in order to assure the presence of Ms. Winkler's lead counsel, who was out of the country at the time.  In the March 7, 2011, order continuing the hearing, the court directed Ms. Winkler's counsel to undertake their best efforts to notify her of the obligation to appear at the March 24, 2011, hearing.

Notice was also sent by the court to Ms. Winkler, by certified mail, return receipt requested, at two addresses where she had apparently been contacted previously by counsel.  One mailing was returned.  The other reflected a return receipt signature by an individual other than Ms. Winkler.  On March 8, 2011, Paul E. Biser, one of Ms. Winkler's lawyers who moved to withdraw, spoke with her by telephone.  He advised Ms. Winkler that she must appear at the March 24, 2011, hearing.

Ms. Winkler did not appear at the March 24, 2011, hearing.  Her counsel suggested she feared she might be apprehended at that time respecting a parole violation.  She indicated through counsel that she nevertheless wished to pursue her case and perhaps retain counsel who formerly represented her herein.  She has never done so.

2

Inasmuch as Ms. Winkler did not object to counsel leaving the case, the court granted the motion to withdraw.  On March 25, 2011, the court sent another order to Ms. Winkler at the two addresses earlier used.  She was instructed that she must retain substitute counsel by April 14, 2011, or that she would be treated as proceeding <u>pro</u> <u>se</u> thereafter.  She was also directed to respond to Oxford House's motion for summary judgment by May 5, 2011, irrespective of her retention of counsel.  Both mailings were returned.

Ms. Winkler has neither retained counsel nor responded to the dispositive motion.  She also failed to appear at either the pretrial conference held May 6, 2011, the earlier-scheduled private mediation session in the case, or any proceedings set thereafter in this matter.

Oxford House has moved for dismissal of this action "for Plaintiff's failure to appear and/or participate in the pretrial conferences in this matter."  (Mot. at 1).  Relief is sought pursuant to Federal Rule of Civil Procedure 16(f).  It appears, however, that Federal Rule of Civil Procedure 41(b) is a more appropriate device under the circumstances.  Rule 41(b) provides pertinently as follows:

> If the plaintiff fails to prosecute or to comply with
> these rules or a court order, a defendant may move to

dismiss the action or any claim against it.

Fed. R. Civ. P. 41(b).

On or about August 11, 2011, the court learned that Ms. Winkler had been apprehended on May 12, 2011, respecting the warrant associated with her parole violation. On August 11, 2011, the court entered an order directing that a copy of each the motion to dismiss and a letter to the court by a non-party be sent to Ms. Winkler at her place of incarceration by certified mail, return receipt requested. The order provided as follows:

> It is further ORDERED that Ms. Winkler be, and she hereby is, given leave to respond to both filings no later than August 25, 2011, which response will be filed on the public record for inspection by Oxford House and any interested parties, who may reply thereto no later than September 6, 2011.
>
> The court cautions Ms. Winkler that her failure to respond to Oxford House's motion will likely result in the dismissal of this action without prejudice.

(Ord. at 1-2). On August 16, 2011, the court received the return receipt signed by Ms. Winkler on August 15, 2011. She has not responded to the August 11, 2011, order.

An involuntary dismissal for failure to prosecute is a significant course of action not undertaken lightly. In adjudicating defendant's motion, the court must balance the need to prevent delay with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir.

1978). These interests are weighed through application of a four-factor test: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Ms. Winkler bears sole responsibility for failing to participate in this action. She has been provided multiple opportunities to appear in person and writing, with explicit instructions from the court respecting how to proceed. More recently, she has received explicit, cautionary notice respecting the potential consequences for her claims if she failed to contact the court as directed. The notice found in the August 11, 2011, order is one example. Another instance of such notice appears in the March 25, 2011, order:

> The court may deem the failure to respond [to Oxford House's summary judgment motion] . . . as a representation on . . . [Ms.] Winkler's part that she does not object to the relief sought by Oxford House, Inc., and that judgment may be entered against her accordingly.

(Ord. at 2).

Respecting the effectiveness of sanctions less drastic, it is noted again that the threat of dismissal did not goad Ms.

5

Winkler to respond to Oxford House's dispositive motion or the instant motion to dismiss. While the prejudice to Oxford House is not great, the court concludes that the balance of the factors weighs quite significantly in favor of dismissal. The case simply cannot proceed without Winkler's efforts to prosecute it. She has shown no inclination to do so despite repeated invitations and admonitions.

The court, accordingly, ORDERS that Oxford House's motion to dismiss be, and it hereby is, granted. It is further ORDERED that this action be, and it hereby is, dismissed without prejudice and stricken from the docket.

The Clerk is directed to forward copies of this order (1) to all counsel of record, (2) to Jean Holocker at 2604 Adams Avenue, Huntington, West Virginia, 25704, and (3) to Ms. Winkler at Southwestern Regional Jail, Earl Ray Tomblin Industrial Park, 13 Gaston Caperton Drive, Holden, West Virginia, 25625, by certified mail, return receipt requested.

DATED: August 52, 2011

John T. Copenhaver, Jr.
United States District Judge